UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>JOHN MICHAEL VAZQUEZ<br>UNITED STATES DISTRICT<br>JUDGE | FRANK R. LAUTENBERG<br>POST OFFICE AND<br>COURTHOUSE<br>2 FEDERAL SQUARE,<br>ROOM 417<br>NEWARK, NJ 07102<br>973-297-4851 |

June 3, 2016

VIA ECF

### LETTER OPINION AND ORDER

Re:   Marcelo A. Beltran v. Carolyn W. Colvin, Acting Commissioner of Social Security
      Civil Action No. 15-7948

Dear Litigants:

*Pro se* plaintiff[1] Marcelo A. Beltran ("Plaintiff") appeals the final decision of the Commissioner of Social Security ("Commissioner"), which denied his application for a waiver of overpayments. For the reasons that follow, the Court finds that there was an insufficient explanation to support the relevant determination. As a result, the Court cannot engage in meaningful judicial review and, therefore, remands this matter for further action consistent with this opinion.

Plaintiff was found to be disabled as of November 2000 pursuant to Title II of the Social Security Act (the "Act") and received disability insurance benefits ("DIB"). From November 2003 through July 2004, Plaintiff engaged in a trial work period.[2] Thereafter, Plaintiff had an extended

---

[1] Plaintiff was represented by counsel in the proceedings before the Administrative Law Judge. The record is not clear as to whether he was also represented in his partially successful review by the Appeals Council.

[2] Pursuant to 20 C.F.R. § 404.1592, a trial work period permits a person to test his ability to work while still being considered disabled. The period can be up to nine months, although the months do not have to be consecutive. During the period, the Social Security Administration will not consider whether the person is no longer disabled because he is actually working. However, once the trial period concludes, the Administration will consider work performed during the period in deciding whether the person is no longer disabled. 20 C.F.R. § 404.1592(a).

period of eligibility from August 2004 through August 2007.[3]  On July 10, 2011, the Social Security Administration (the "Administration") notified Plaintiff that he had been overpaid benefits in the amount of $70,350.10 because of unreported earnings.  Plaintiff requested a waiver of the overpayment, which was denied.  Plaintiff then requested a hearing, and on July 16, 2013, the Administrative Law Judge ("ALJ") heard the matter.  In a November 27, 2014 written opinion, the ALJ found that Plaintiff had not proven his eligibility for a waiver, ordering Plaintiff to pay the full amount.  Plaintiff sought review, and on September 11, 2015, the Appeals Council upheld the ALJ's decision concerning waiver but reduced the amount of overpayment from $70,350 to $41,144.60.  The Council's determination constituted the final decision of the Commissioner.  This appeal followed.

In reaching his decision, the ALJ set forth the two-step evaluation process for waiver of overpayment required by 42 U.S.C. § 404(b) and the pertinent regulations.[4]  Specifically, the ALJ first determined whether Plaintiff was without fault, and, if so, whether overpayment would defeat the purposes of Title II of the Act.  The ALJ concluded that Plaintiff was not without fault, thereby ending the analysis before reaching the second step.  The ALJ noted that every applicant for disability benefits is notified of his reporting responsibilities.  As to Plaintiff's claim that he had provided proper notification concerning his work activity by way of written and telephone correspondence, the ALJ did not find Plaintiff entirely credible.  The ALJ explained that Plaintiff's claims were not corroborated by the record, which contained no evidence of any notification.  The ALJ further noted that Plaintiff's testimony was vague and lacking in specific details.  The ALJ continued that Plaintiff should have reasonably believed that further action was needed on his part since he was receiving benefits while earning substantial amounts.

The Appeals Council upheld the ALJ's finding that Plaintiff was not without fault because Plaintiff had been provided proper notice by the Administration and had nevertheless failed to timely report his work.[5]  Although the issue was not raised by Plaintiff, the Appeals Council reduced the amount of overpayment.  In doing so, the Appeals Council determined that the Administration had mistakenly calculated the amount of overpayment by relying on too lengthy a period of time.  Instead, the relevant periods of overpayment were, according to the Council, January 2005, April 2005, October 2005, and May 2007 through January 2010.

---

[3] The extended period of eligibility ("EPE") begins the month after the trial work period ends.  The first thirty-six months of the EPE is the re-entitlement period.  20 C.F.R. § 404.1592a.  During this period, a person can still receive DIB so long as he still suffers from the disabling impairment and his monthly earnings are less than those considered to be substantial gainful activity ("SGA").  DIB are suspended for any month in in which the person's earnings are above the SGA threshold.  However, a person still receives DIB for the two months following the trial work period regardless of his earnings in those months.  *Id.*

[4] The discussion concerning the ALJ's opinion is taken from the November 27, 2014 decision.  D.E. 9 at 16-19.  The transcript from the July 16, 2013 hearing can be found at D.E. 9-2 at 45-64.

[5] The decision of the Appeals Council can be found at D.E. 9 at 8-10.

Plaintiff claims that the Commissioner erred because he made "all the necessary calls [and sent] letters for the past decade to Social Security." D.E. 12 at 1. In opposition, the Commissioner asserts that the Appeals Council's decision was supported by substantial evidence. D.E. 13 at 5-8. The Commissioner explains that the Appeals Council properly noted that Plaintiff was warned of his reporting obligations and of his ineligibility for benefits if he earned over a certain amount each month. *Id.* at 5. The Commissioner further points out that Plaintiff's allegations of his providing proper notice were not corroborated by any written evidence. *Id.*

In reviewing a final decision of the Commissioner, the Court exercises plenary review over legal issues. *Matthews v. Apfel*, 239 F.3d 589, 591 (3d Cir. 2001). An ALJ's findings, including credibility determinations, must be upheld if they are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation and internal quotation marks omitted). Such evidence is less than a preponderance but more than a mere scintilla. *Id.* The Court reviews the record as a whole to determine whether an ALJ's finding is supported by substantial evidence. *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citation omitted).

As to waiver of overpayments, the Act provides that "[i]n any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is *without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience*." *See* 42 U.S.C. § 404(b)(1) (emphasis added). The Act thereby requires a two-step review: first, a determination of whether the person in question was without fault, and second, a determination of whether repayment would defeat the purpose of Title II of the Act or would contravene equity and good conscience. However, if the person is not without fault, then the inquiry ends and repayment is required. *See Mehalshick v. Comm'r Soc. Sec.*, 609 Fed. Appx. 710, 712 n.2 (3d Cir. 2015)[6] (citing *Garnett v. Sullivan*, 905 F.2d 778, 782 (4th Cir. 1990)). The individual seeking waiver of an overpayment bears the burden of proof that he was without fault. *Id.* at 713 (citing *Anderson v. Sullivan,* 914 F.2d 1121, 1122 (9th Cir.1990); *Bray v. Bowen,* 854 F.2d 685, 687 (5th Cir.1988)).

A finding of "fault" can be based on any of the following: "(a) [a]n incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) [f]ailure to furnish information which he knew or should have known to be material; or (c) [w]ith respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect." *See* 20 C.F.R. § 404.507. Even if the Administration may have been at fault in making an overpayment, "that fact does not relieve the overpaid individual or any other individual from whom the Administration seeks to recover the overpayment from liability for repayment if such individual is not without fault." *Id.* In determining whether a person is at fault, the Administration considers "all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual has." *Id.*

---

[6] Pursuant to I.O.P. 5.7 of the Third Circuit, *Mehalshick* is not binding precedent. This Court, however, considers the decision as persuasive authority.

3

Here, Plaintiff does not contest the amount of overpayment. Instead, he claims that the Commissioner erred in finding that he was not without fault because he took necessary steps (including by mail and telephone calls) to notify the Administration of his work status. Thus, the sole issue presented is whether there was substantial evidence to support the Commissioner's decision that Plaintiff was not without fault.

On July 21, 2006, the Administration wrote Plaintiff that it appeared his disability ended as of August 2004, and that he was not entitled to payments for January, April, or October 2005 (resulting in a total overpayment of $2,205).[7] D.E. 9 at 25-28. The Administration nevertheless gave Plaintiff additional time to submit evidence demonstrating that the Administration's decision was in error. The Administration further explained the extended period of eligibility and notified Plaintiff that his thirty-six month period began August 2004. The Administration also notified Plaintiff that, at the time, it would usually find substantial work if his gross monthly earnings exceeded $860. The July 21, 2006 notice added that Plaintiff would be informed in the future of any additional "overpayment . . . due in this case."

On August 28, 2006, the Administration sent Plaintiff a "Notice of Disability Cessation." D.E. 9 at 40-44. The Administration concluded that Plaintiff was entitled to "payments beginning November 2005 because [he was] no longer doing substantial work." Yet, Plaintiff still owed the Administration a total of $2,205 for the prior three-month overpayment (January, April, and October 2005). The Administration advised Plaintiff of the appropriate legal standard for waiver of an overpayment. Under a section entitled "Things To Remember For The Future," the Administration further warned Plaintiff of his duty to inform the Administration immediately about any changes that could affect his benefits, including changes in work or pay.

As noted, a finding of "fault" can be based on any of the following: "(a) [a]n incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) [f]ailure to furnish information which he knew or should have known to be material; or (c) [w]ith respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect." *See* 20 C.F.R. § 404.507. The ALJ determined that Plaintiff was not without fault pursuant to the second criteria, that is, Plaintiff failed to furnish material information to the Administration.[8] Were the review in this matter limited to the ALJ's

---

[7] As explained in note 3, the period covered Plaintiff's re-entitlement period under EPE. During the thirty-six month period, Plaintiff could continue to receive DIB so long as he was still suffering from the disability and his monthly earnings did not exceed a threshold amount. It appears that the Administration provided Plaintiff with DIB as long as his earnings were below the required level.

[8] Importantly, the ALJ did not also base his decision on the third factor. The third provision indicates that fault can be found when an individual accepts a payment "which he either knew or could have been expected to know was incorrect." 20 C.F.R. § 404.507(c). In this case, Plaintiff was clearly warned that if his earnings exceeded a certain amount, he would be liable to the Administration for any overpayment of DIB. The ALJ, however, did not analyze this factor, which would seemingly support a finding that Plaintiff was not without fault. Because the ALJ did not consider the provision, the Court does not examine the third factor here.

decision, this Court would find that there was substantial evidence to support the ALJ's finding because of the ALJ's credibility determination and Plaintiff's utter failure to provide any written evidence to corroborate his claims.

The record, however, was expanded before the Appeals Council. The regulations permit a claimant to submit to the Council new and material evidence that relates to the period on or before the date of the ALJ's hearing decision. 20 C.F.R. § 404.970(b). In this matter, Plaintiff submitted three letters which the Appeals Council indicated were "received and considered." D.E. 9 at 8. The three letters are dated November 8, 2003; December 1, 2005; and January 6, 2009. D.E. 9-2 at 38-40. All three letters are dated before the ALJ's decision on November 27, 2014. The letters purport to be from Plaintiff to the Administration and notify the Administration of Plaintiff's work. The three letters, if authentic, provide written evidence to support Plaintiff's contention of proper notification. Such evidence was not before the ALJ and the lack of such written corroboration was a basis for the ALJ's decision.

Although the Council indicated that it considered the letters, its decision provides no discussion as to what consideration was given to the new documentary evidence. Instead, the Appeals Council merely noted that it agreed "with the Administrative Law Judge's finding that the claimant failed to furnish information which he knew or should have known to be material," and, therefore, Plaintiff's request for a waiver was properly denied. D.E. 9 at 10. If the Appeals Council had refused to review Plaintiff's case, then this Court would be prohibited from considering the three letters in making a determination as to substantial evidence. *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001). The Court would be limited to the evidence before the ALJ. *Id.*[9] Yet, once the Appeals Council accepted the matter for review and rendered a decision on the merits, any new evidence accepted by the Council is considered by this Court in conducting its review. *Eads v. Sec'y of HHS*, 983 F.2d 815, 817 (7th Cir. 1993).[10]

The Appeals Council was obligated to provide a "sufficient explanation" for its decision so that this Court could conduct "meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). The Appeals Council did not do so, leaving this Court to guess as to what effect, if any, the three letters had on the Council's decision. As a result, the Court is unable to perform any meaningful review of the Council's decision.

For the foregoing reasons, the Commissioner's final decision was not sufficiently explained to permit the Court to conduct meaningful review.

---

[9] The Court could, however, remand the matter to the Commissioner for the consideration of new evidence pursuant 42 U.S.C. § 405(g), which is commonly called a "Sentence Six" review. To do so, however, Plaintiff would first have to demonstrate "good cause" for having failed to submit the evidence to the ALJ. It does not appear that Plaintiff could meet the "good cause" requirement as he indicated that he found the three letters while conducting "some major cleaning." D.E. 9-2 at 37.

[10] The *Eads* decision was cited approvingly by the Third Circuit in *Matthews*. 239 F.3d at 593.

5

The Court **REMANDS** the Commissioner's final decision for further action consistent with this opinion and the Clerk shall serve a copy of this opinion and order on Plaintiff by certified mail return receipt.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　*s/ John Michael Vazquez*
　　　　　　　　　　　　　　　　　　　　　　**JOHN MICHAEL VAZQUEZ**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**